IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE BECKER, | |
| Plaintiff, | 8:23CV468 |
| vs. | |
| RANDY WALLERICH, AND RICHARD BRYNE, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the Motion captioned as a "Request for Transfer Admissions," Filing No. 4 and on the Court's own motion. Plaintiff filed a Complaint, Filing No. 1, on October 26, 2023. However, Plaintiff failed to include the $405.00 filing and administrative fees. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

The Court also notes that if Plaintiff moves to proceed in forma pauperis, her Complaint would likely be subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2). As best the Court can discern, Plaintiff alleges that employees for offices of the United States Postal Service (USPS) in Evans, Colorado provided her with a "false letter of information" and represented that she was not a member of the union. Filing No. 1 at 4. Plaintiff alleges that she is still employed with the USPS and the Home Depot store in Scottsbluff, Nebraska but has not received paychecks. Filing No. 1 at 5. Plaintiff alleges that this misinformation impacted her ability to obtain future employment and impacted her personal relationships. Filing No. 1 at 5.

Plaintiff alleges few facts suggesting that any of the Defendants' actions were contrary to law. Further, Plaintiff's conclusory allegations fall far short of giving notice of the grounds for her claim or pleading fraud with particularity. Accordingly, Plaintiff's claim would likely be subject to dismissal on initial review.

Additionally, Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion, captioned as a "Request for Transfer Admissions," Filing No. 4, is denied.

2. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. If Plaintiff pays the filing fee or submits a motion to proceed in forma pauperis, Plaintiff shall also have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. In the amended complaint, Plaintiff must comply with federal pleading requirements.

5. In the event Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

6. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 10, 2024**: Check for MIFP or payment and amended complaint.

Dated this 9th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge